**B1 (Official Form 1) (4/10)**

<table>
<tr><td colspan="2" align="center"><b>United States Bankruptcy Court<br/>District Of Delaware</b></td><td align="center"><b>Voluntary Petition</b></td></tr>
</table>

| Name of Debtor (if individual, enter Last, First, Middle):<br>Ultimate Escapes, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>f/k/a Secure America Acquisition Corporation | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): 26-0188408 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>3501 West Vine Street, Suite 225<br>Kissimmee, FL<br>ZIP CODE 34741 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Osceola | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Ultimate Escapes, Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See Attached Schedule 1 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☒   Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

## Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): Ultimate Escapes, Inc. |
| --- | --- |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
| --- | --- |
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
| --- | --- |
| X ~~_signature_~~<br>   Signature of Attorney for Debtor(s)<br>Scott D. Cousins<br>Printed Name of Attorney for Debtor(s)<br>Greenberg Traurig, LLP<br>Firm Name<br>The Nemours Building<br>Address<br>1007 North Orange Street, Suite 1200<br>Wilmington, Delaware 19801<br>302-661-7000<br>Telephone Number<br>September 20, 2010<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X ~~_signature_~~<br>   Signature of Authorized Individual<br>Philip Callaghan<br>Printed Name of Authorized Individual<br>Chief Financial Officer<br>Title of Authorized Individual<br>September 20, 2010<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:                                                     Chapter 11

ULTIMATE ESCAPES, INC.,                          Case No. _____ ()

                                                          (Joint Administration Requested)

                        Debtor

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is      001-33743.

2. The following consolidated financial data is the latest available information and refers to the debtor's condition on    June 30, 2010.

|  |  |
|---|---|
| a. Total assets | $188,676,000 |
| b. Total debts (including debts listed in 2.c., below) | $222,010,000 |

c. Debt securities held by more than 500 holders: none

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ | _____ |

| | | |
|---|---|---|
| d. Number of shares of preferred stock (Series A) | 14,556,675 (authorized) | 7,556,675 (issued) |
| e. Number of shares common stock | 300,000,000 (authorized) | 2,759,094 (issued) |

Comments, if any: _____

| | |
|---|---|
| 3. Brief description of debtor's business: | The Debtors operate as a luxury destination club that sells club memberships offering the members reservation rights to use vacation properties located in various resort destinations, including throughout the United States, Mexico, Central America, the Caribbean and Europe. |

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: James M. Tousignant, Richard Keith, C. Thomas McMillen, Ultimate Resort Holdings, LLC, JDI Ultimate, LLC, Private Escapes Holdings, LLC, Secure America Acquisition Holdings, LLC, Brian Taylor

# SCHEDULE 1

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, contemporaneously with the filing of this petition. The Debtors filed a motion requesting joint administration.

1. Ultimate Escapes Holdings, LLC
2. Ultimate Resort, LLC
3. Ultimate Operations, LLC
4. Ultimate Resort Holdings, LLC
5. Ultimate Escapes, Inc. (F/K/A Secure America Acquisition Corporation)
6. P&J Partners, LLC
7. UE Holdco, LLC
8. UE Member, LLC
9. Ultimate Escapes Clubs, LLC
10. Ultimate Escapes Elite Club, LLC
11. Ultimate Escapes Signature Club, LLC
12. Ultimate Escapes Premiere Club, LLC
13. Ultimate Scottsdale, LLC
14. Ultimate Lake Tahoe, LLC
15. Ultimate Colorado, LLC
16. Ultimate Telluride Mountain Village, LLC
17. Ultimate Naples Strada Bella, LLC
18. Ultimate Naples Monteverde, LLC
19. Ultimate Palm Beach Ocean, LLC
20. Ultimate Maui Wailea Beach, LLC
21. Ultimate Sun Valley MacKenzie, LLC
22. Ultimate Sun Valley Plaza Townhouse, LLC
23. Ultimate New York Trp International, LLC
24. Ultimate Kiawah Turtle Beach, LLC
25. Ultimate Park City Silverlake, LLC
26. Ultimate Jackson Hole Snake River, LLC
27. Bahamas Investments I, LLC
28. Bahamas Investments II, LLC
29. Bahamas Investments III, LLC
30. Bahamas Investments IV, LLC
31. Cabo Casa Tortuga, LLC
32. Cabo Esperanza #1501, LLC
33. Cabo Esperanza #1502, LLC
34. Cabo Esperanza #1503, LLC
35. Cabo Esperanza #1601, LLC
36. Cabo Esperanza #1602, LLC
37. Cabo Esperanza #1603, LLC
38. Cabo Villa Del Sol, LLC
39. Cabo Villa Eternidad, LLC

40. Cabo San Lucas Villa Paraiso, LLC
41. Ultimate Nevis Investments, LLC
42. Snowflake Investments I, LLC
43. Sunny Isles Investments I, LLC
44. Tahoe Investments I, LLC
45. Cabo Investments I, LLC
46. Mahogany Run Investments I, LLC
47. Candlewood Investments I, LLC
48. Ultimate Scottsdale Rocks, LLC
49. Ultimate Beaver Creek, LLC
50. Ultimate Indian Rocks Beach, LLC
51. Ultimate Key West, LLC
52. Ultimate Lake Las Vegas, LLC
53. Ultimate Newport Americas, LLC
54. Private Escapes of La Quinta Platinum, LLC
55. Private Escapes La Quinta I, LLC
56. Private Escapes La Quinta II, LLC
57. Private Escapes Platinum of Copper Mountain, LLC
58. Private Escapes Platinum Telluride, LLC
59. Private Escapes of Steamboat, LLC
60. Private Escapes of Lake Oconee, LLC
61. Private Escapes of Waikoloa, LLC
62. Private Escapes of Waikoloa II, LLC
63. Private Escapes of Chicago, LLC
64. Private Escapes of Currituck, LLC
65. Private Escapes Platinum Currituck, LLC
66. Private Escapes of Tahoe, LLC
67. Private Escapes Platinum Lake George, LLC
68. Private Escapes of One Central Park West, LLC
69. Private Escapes 1600 Broadway, LLC
70. Private Escapes Link, LLC
71. Private Escapes Platinum One Central Park West, LLC
72. Privates Escapes of Kiawah, LLC
73. Private Escapes Platinum Kiawah, LLC
74. Private Escapes of Jackson Hole, LLC
75. Private Escapes Villa 304, LLC
76. Private Escapes Platinum Cabo, LLC
77. Private Escapes La Playa, LLC
78. Private Escapes of Cabo, LLC
79. Private Escapes Platinum TCI, LLC
80. Private Escapes Platinum Chicago, LLC
81. Private Escapes of Fox Acres, LLC
82. Private Escapes of Stowe, LLC
83. Private Escapes La Costa, LLC
84. Private Escapes Platinum La Costa, LLC
85. Private Escapes Borgo di Vagli, LLC

# RESOLUTIONS OF
## THE SPECIAL RESTRUCTURING COMMITTEE OF
## THE BOARD OF DIRECTORS
## OF
## ULTIMATE ESCAPES, INC.
### (a Delaware corporation)

September 1*9*, 2010

A meeting of the Special Restructuring Committee (the "Committee") of Ultimate Escapes, Inc. (f/k/a Secure America Acquisition Corporation), a Delaware corporation (the "Company"), was held on September 1*9*, 2010, at which the following resolutions of the Committee were adopted:

WHEREAS, the Board of Directors of the Company (the "Board") designated and appointed the Special Restructuring Committee;

WHEREAS, the Committee was expressly granted, to the fullest extent permitted by applicable law, the exclusive power and authority of the Board to take any and all lawful actions as may be necessary, desirable or convenient to (i) review and evaluate the financial and operational aspects of the business of the Company and its direct and indirect subsidiaries listed on <u>Schedule A</u> attached hereto and incorporated herein by reference (collectively, the "Subsidiaries" and each is a "Subsidiary"), (ii) determine whether seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") is advisable and in the best interest of the Company and/or the Subsidiaries, (iii) to negotiate the terms and conditions of a sale of assets or other transaction of the Company and/or the Subsidiaries (including, without limitation, price, form and structure) and of any and all agreements in respect of any such sale or transaction, (iv) to negotiate the terms and conditions of any debt or equity financing of the Company and/or the Subsidiaries and of any and all agreements in respect of any such financing, (v) to reject any proposal that may be made with respect to foregoing, (vi) authorize and approve, the execution, delivery of a petition be filed in the United States Bankruptcy Court for the District of Delaware by the Company and the Subsidiaries seeking relief under the provisions of the Bankruptcy Code, and any and all other documents related thereto or required generally in connection therewith, in each case, for and on behalf of the Company, (vii) retain any and all advisors or service providers to the Committee, the Company and the Subsidiaries as the Committee determines to be necessary or desirable, including legal advisors, and, in that connection, authorize and approve, the execution, delivery and performance by the Company of any and all engagement or retention letters, contracts or documents with such advisors, in each case, for and on behalf of the Company, (viii) conduct such due diligence as the Committee determines to be necessary or desirable to carry out its responsibilities, (ix) engage in any other lawful activities and take any other lawful actions that are consistent with the foregoing, and (x) to make recommendations to the Board regarding any of the foregoing;

WHEREAS, the Committee has reviewed the current financial condition and status of the Company and the Subsidiaries in light of recent events.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Committee, it is desirable and in the best interests of the Company, the Subsidiaries and their respective creditors and equity holders that a petition be filed in the United States Bankruptcy Court for the District of Delaware by the Company and the Subsidiaries seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and the Committee hereby consents to such filing and recommends to the Board that such filing be approved;

RESOLVED, FURTHER, that the officers of the Company or the applicable Subsidiary (collectively, with the Chief Restructuring Officer (as defined below), the "Officers"), are each hereby authorized, empowered, and directed to file with the United States Bankruptcy Court for the District of Delaware, on behalf of the Company and the Subsidiaries and in each of their names, at such time hereafter as any of them determine, a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code;

RESOLVED, FURTHER, that the Officers be, and each of them hereby is, authorized and empowered to obtain post-petition financing and/or use cash collateral according to terms which may be negotiated by the management of the Company and the Subsidiaries, and to enter into any debtor-in-possession financing facilities, guarantees, or other related documents and to pledge and grant liens on the assets of the Company and the Subsidiaries as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Officers are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents, whether consented to or contested by the Company's existing lenders and/or the Subsidiaries' existing lenders;

RESOLVED, FURTHER, that the Officers are hereby authorized, empowered and directed, on behalf of the Company and the Subsidiaries and in their respective names, to retain the law firm of Greenberg Traurig, LLP as bankruptcy counsel for general legal advice and in the event that the Company and/or any Subsidiary file a voluntary bankruptcy petition for reorganization, or in the event that an involuntary bankruptcy petition is filed against the Company and/or any Subsidiary, is hereby authorized to retain Greenberg Traurig, LLP in connection with the services and actions contemplated hereby;

RESOLVED, FURTHER, that the Officers, on behalf of the Company and the Subsidiaries, are authorized and empowered to retain the services of CRG Partners Group LLC ("CRG") to provide a Chief Restructuring Officer and additional personnel for the Company and the Subsidiaries in the Chapter 11 case of the Company and the Subsidiaries;

RESOLVED, FURTHER, that the Committee hereby appoints Sheon Karol of CRG as the Chief Restructuring Officer of the Company and each Subsidiary (the "Chief Restructuring Officer") in the Chapter 11 case of the Company and the Subsidiaries;

RESOLVED, FURTHER, that the Officers be, and hereby are, authorized to employ any other professional necessary to assist the Company and the Subsidiaries in carrying out their respective duties under the Bankruptcy Code or otherwise, and in connection therewith, the Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of

any other professional, as necessary, and on such terms as are deemed necessary, desirable, and proper by the management of the Company and the Subsidiaries;

RESOLVED, FURTHER, that the Officers are hereby authorized to conduct business operations as determined by any of them to be in the best interests of the bankruptcy estate of the Company or the applicable Subsidiary and the creditors of the Company or the applicable Subsidiary which may include, but not be limited to, a determination to continue business operations with a view towards reorganizing or selling the Company or any Subsidiary or substantially all of the assets of the Company or any Subsidiary;

RESOLVED, FURTHER, that, from and after the filing by the Company and the Subsidiaries of a Chapter 11 bankruptcy petition, the Officers are hereby authorized to make or cause to be made all filings and declarations as determined by any of them to be in the best interests of the bankruptcy estate of the Company or the applicable Subsidiary and the creditors and equity holders of the Company or the applicable Subsidiary;

RESOLVED, FURTHER, that the Officers and any other authorized signatory designated by any Officer, are each hereby authorized, empowered, and directed on behalf of the Company and the Subsidiaries and in each of their names to take all actions and execute and deliver all documents as they shall deem necessary or desirable in order to carry out and perform the purposes of the foregoing resolutions, including, without limitation, the opening of new deposit accounts as a debtor-in-possession under the Bankruptcy Code, and the taking of such actions or execution of such documents shall be conclusive evidence of the necessity or desirability thereof; and

RESOLVED, FURTHER, that any and all actions heretofore taken by any Officer, Director or manager of the Company or any Subsidiary in the name and on behalf of the Company or the applicable Subsidiary in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all aspects.

IN WITNESS WHEREOF, the undersigned Secretary of Ultimate Escapes, Inc. certifies that the foregoing Resolutions of the Special Restructuring Committee were duly adopted by such Special Restructuring Committee at a meeting duly held on September 10, 2010.

Name: Philip Callaghan
Title: Secretary

1. Ultimate Escapes Holdings, LLC

2. P&J Partners, LLC

3. UE Holdco, LLC

4. UE Member, LLC

5. Ultimate Escapes Clubs, LLC

6. Ultimate Escapes Elite Club, LLC

7. Ultimate Escapes Signature Club, LLC

8. Ultimate Escapes Premiere Club, LLC

9. Ultimate Scottsdale, LLC

10. Ultimate Lake Tahoe, LLC

11. Ultimate Colorado, LLC

12. Ultimate Telluride Mountain Village, LLC

13. Ultimate Naples Strada Bella, LLC

14. Ultimate Naples Monteverde, LLC

15. Ultimate Palm Beach Ocean, LLC

16. Ultimate Maui Wailea Beach, LLC

17. Ultimate Sun Valley MacKenzie, LLC

18. Ultimate Sun Valley Plaza Townhouse, LLC

19. Ultimate New York Trp International, LLC

20. Ultimate Kiawah Turtle Beach, LLC

21. Ultimate Park City Silverlake, LLC

22. Ultimate Jackson Hole Snake River, LLC

23. Bahamas Investments I, LLC

24. Bahamas Investments II, LLC

25. Bahamas Investments III, LLC

26. Bahamas Investments IV, LLC

27. Cabo Casa Tortuga, LLC

28. Cabo Esperanza #1501, LLC

29. Cabo Esperanza #1502, LLC

30. Cabo Esperanza #1503, LLC

31. Cabo Esperanza #1601, LLC

32. Cabo Esperanza #1602, LLC

33. Cabo Esperanza #1603, LLC

34. Cabo Villa Del Sol, LLC

35. Cabo Villa Eternidad, LLC

36. Cabo San Lucas Villa Paraiso, LLC

37. Ultimate Nevis Investments, LLC

38. Snowflake Investments I, LLC

39. Sunny Isles Investments I, LLC

40. Tahoe Investments I, LLC

41. Cabo Investments I, LLC

42. Mahogany Run Investments I, LLC

43. Candlewood Investments I, LLC

44. Ultimate Scottsdale Rocks, LLC

45. Ultimate Beaver Creek, LLC

46. Ultimate Indian Rocks Beach, LLC

47. Ultimate Key West, LLC

48. Ultimate Lake Las Vegas, LLC

49. Ultimate Newport Americas, LLC

50. Private Escapes of La Quinta Platinum, LLC

51. Private Escapes La Quinta I, LLC

52. Private Escapes La Quinta II, LLC

53. Private Escapes Platinum of Copper Mountain, LLC

54. Private Escapes Platinum Telluride, LLC

55. Private Escapes of Steamboat, LLC

56. Private Escapes of Lake Oconee, LLC

57. Private Escapes of Waikoloa, LLC

58. Private Escapes of Waikoloa II, LLC

59. Private Escapes of Chicago, LLC

60. Private Escapes of Currituck, LLC

61. Private Escapes Platinum Currituck, LLC

62. Private Escapes of Tahoe, LLC

63. Private Escapes Platinum Lake George, LLC

64. Private Escapes of One Central Park West, LLC

65. Private Escapes 1600 Broadway, LLC

66. Private Escapes Link, LLC

67. Private Escapes Platinum One Central Park West, LLC

68. Privates Escapes of Kiawah, LLC

69. Private Escapes Platinum Kiawah, LLC

70. Private Escapes of Jackson Hole, LLC

71. Private Escapes Villa 304, LLC

72. Private Escapes Platinum Cabo, LLC

73. Private Escapes La Playa, LLC

74. Private Escapes of Cabo, LLC

75. Private Escapes Platinum TCI, LLC

76. Private Escapes Platinum Chicago, LLC

77. Private Escapes of Fox Acres, LLC

78. Private Escapes of Stowe, LLC

79. Private Escapes La Costa, LLC

80. Private Escapes Platinum La Costa, LLC

81. Private Escapes Borgo Di Vagli, LLC

# RESOLUTIONS OF
## THE BOARD OF DIRECTORS
### OF
## ULTIMATE ESCAPES, INC.
### (a Delaware corporation)

September 1?, 2010

    A meeting of the Board of Directors (the "Board") of Ultimate Escapes, Inc. (f/k/a Secure America Acquisition Corporation), a Delaware corporation (the "Company"), was held on September 1?, 2010, at which the following resolutions of the Board were adopted:

    WHEREAS, the Board appointed and designated a special restructuring committee of the Board (the "Committee");

    WHEREAS, the Committee was expressly granted, to the fullest extent permitted by applicable law, the exclusive power and authority of the Board to take any and all lawful actions as may be necessary, desirable or convenient to (i) review and evaluate the financial and operational aspects of the business of the Company and its direct and indirect subsidiaries listed on <u>Schedule A</u> attached hereto and incorporated herein by reference (collectively, the "Subsidiaries" and each is a "Subsidiary"), (ii) determine whether seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") is advisable and in the best interest of the Company and/or the Subsidiaries, (iii) to negotiate the terms and conditions of a sale of assets or other transaction of the Company and/or the Subsidiaries (including, without limitation, price, form and structure) and of any and all agreements in respect of any such sale or transaction, (iv) to negotiate the terms and conditions of any debt or equity financing of the Company and/or the Subsidiaries and of any and all agreements in respect of any such financing, (v) to reject any proposal that may be made with respect to foregoing, (vi) authorize and approve, the execution, delivery of a petition be filed in the United States Bankruptcy Court for the District of Delaware by the Company and the Subsidiaries seeking relief under the provisions of the Bankruptcy Code, and any and all other documents related thereto or required generally in connection therewith, in each case, for and on behalf of the Company, (vii) retain any and all advisors or service providers to the Committee, the Company and the Subsidiaries as the Committee determines to be necessary or desirable, including legal advisors, and, in that connection, authorize and approve, the execution, delivery and performance by the Company of any and all engagement or retention letters, contracts or documents with such advisors, in each case, for and on behalf of the Company, (viii) conduct such due diligence as the Committee determines to be necessary or desirable to carry out its responsibilities, (ix) engage in any other lawful activities and take any other lawful actions that are consistent with the foregoing, and (x) to make recommendations to the Board regarding any of the foregoing;

    WHEREAS, the Committee has considered the financial and operational aspects of the business of the Company and its direct and indirect subsidiaries listed on <u>Schedule A</u> attached hereto and incorporated herein by reference (collectively, the "Subsidiaries," and each is a "Subsidiary");

WHEREAS, the Committee has reviewed the current financial condition and status of the Company and the Subsidiaries in light of recent events; and

WHEREAS, following its review and evaluation, the Committee has made its recommendation to the Board.

NOW, THEREFORE, BE IT RESOLVED, that following the recommendation of the Committee, the Company be and hereby is authorized to execute and deliver of a petition be filed in the United States Bankruptcy Court for the District of Delaware by the Company and the Subsidiaries seeking relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED, FURTHER, that the officers of the Company or the applicable Subsidiary (collectively, with the Chief Restructuring Officer (as defined below), the "Officers"), are each hereby authorized, empowered, and directed to file with the United States Bankruptcy Court for the District of Delaware, on behalf of the Company and the Subsidiaries and in each of their names, at such time hereafter as any of them determine, a voluntary petition for reorganization under the Bankruptcy Code;

RESOLVED, FURTHER, that the Officers be, and each of them hereby is, authorized and empowered to obtain post-petition financing and/or use cash collateral according to terms which may be negotiated by the management of the Company and the Subsidiaries, and to enter into any debtor-in-possession financing facilities, guarantees, or other related documents and to pledge and grant liens on the assets of the Company and the Subsidiaries as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Officers are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents, whether consented to or contested by the Company's existing lenders and/or the Subsidiaries' existing lenders;

RESOLVED, FURTHER, that the Officers are hereby authorized, empowered and directed, on behalf of the Company and the Subsidiaries and in their respective names, to retain the law firm of Greenberg Traurig, LLP as bankruptcy counsel for general legal advice and in the event that the Company and/or any Subsidiary file a voluntary bankruptcy petition for reorganization, or in the event that an involuntary bankruptcy petition is filed against the Company and/or any Subsidiary, is hereby authorized to retain Greenberg Traurig, LLP in connection with the services and actions contemplated hereby;

RESOLVED, FURTHER, that the Officers, on behalf of the Company and the Subsidiaries, are authorized and empowered to retain the services of CRG Partners Group LLC ("CRG") to provide a Chief Restructuring Officer and additional personnel for the Company and the Subsidiaries in the Chapter 11 case of the Company and the Subsidiaries;

RESOLVED, FURTHER, that the Board hereby appoints Sheon Karol of CRG as the Chief Restructuring Officer of the Company and each Subsidiary (the "Chief Restructuring Officer") in the Chapter 11 case of the Company and the Subsidiaries;

RESOLVED, FURTHER, that the Officers be, and hereby are, authorized to employ any other professional necessary to assist the Company and the Subsidiaries in carrying out their

respective duties under the Bankruptcy Code or otherwise, and in connection therewith, the Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professional, as necessary, and on such terms as are deemed necessary, desirable, and proper by the management of the Company and the Subsidiaries;

RESOLVED, FURTHER, that the Officers are hereby authorized to conduct business operations as determined by any of them to be in the best interests of the bankruptcy estate of the Company or the applicable Subsidiary and the creditors of the Company or the applicable Subsidiary which may include, but not be limited to, a determination to continue business operations with a view towards reorganizing or selling the Company or any Subsidiary or substantially all of the assets of the Company or any Subsidiary;

RESOLVED, FURTHER, that, from and after the filing by the Company and the Subsidiaries of a Chapter 11 bankruptcy petition, the Officers are hereby authorized to make or cause to be made all filings and declarations as determined by any of them to be in the best interests of the bankruptcy estate of the Company or the applicable Subsidiary and the creditors and equity holders of the Company or the applicable Subsidiary;

RESOLVED, FURTHER, that the Officers and any other authorized signatory designated by any Officer, are each hereby authorized, empowered, and directed on behalf of the Company and the Subsidiaries and in each of their names to take all actions and execute and deliver all documents as they shall deem necessary or desirable in order to carry out and perform the purposes of the foregoing resolutions, including, without limitation, the opening of new deposit accounts as a debtor-in-possession under the Bankruptcy Code, and the taking of such actions or execution of such documents shall be conclusive evidence of the necessity or desirability thereof;

RESOLVED, FURTHER, that given the financial condition of the Company, the Committee, shall following any such filing at a aggregate monthly fee of $15,000 plus reimbursement of direct out of pocket incurred in connection with the performance of their duties;

RESOLVED, FURTHER, that the Company be, and it hereby is, authorized and empowered to take such further action, at the Company's expense, as the Committee in its sole discretion shall determine to be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions; and

RESOLVED, FURTHER, that any and all actions taken by the Committee, any Officer, Director or manager of the Company or any Subsidiary in the name and on behalf of the Company or the applicable Subsidiary in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all aspects.

IN WITNESS WHEREOF, the undersigned Secretary of Ultimate Escapes, Inc. certifies that the foregoing Resolutions of the Board of Directors were duly adopted by such Board of Directors at a meeting duly held on September 14, 2010.

Name: Philip Callaghan
Title: Secretary

## Schedule A

1. Ultimate Escapes Holdings, LLC

2. P&J Partners, LLC

3. UE Holdco, LLC

4. UE Member, LLC

5. Ultimate Escapes Clubs, LLC

6. Ultimate Escapes Elite Club, LLC

7. Ultimate Escapes Signature Club, LLC

8. Ultimate Escapes Premiere Club, LLC

9. Ultimate Scottsdale, LLC

10. Ultimate Lake Tahoe, LLC

11. Ultimate Colorado, LLC

12. Ultimate Telluride Mountain Village, LLC

13. Ultimate Naples Strada Bella, LLC

14. Ultimate Naples Monteverde, LLC

15. Ultimate Palm Beach Ocean, LLC

16. Ultimate Maui Wailea Beach, LLC

17. Ultimate Sun Valley MacKenzie, LLC

18. Ultimate Sun Valley Plaza Townhouse, LLC

19. Ultimate New York Trp International, LLC

20. Ultimate Kiawah Turtle Beach, LLC

21. Ultimate Park City Silverlake, LLC

22. Ultimate Jackson Hole Snake River, LLC

23. Bahamas Investments I, LLC

24. Bahamas Investments II, LLC

25. Bahamas Investments III, LLC

26. Bahamas Investments IV, LLC

27. Cabo Casa Tortuga, LLC

28. Cabo Esperanza #1501, LLC

29. Cabo Esperanza #1502, LLC

30. Cabo Esperanza #1503, LLC

31. Cabo Esperanza #1601, LLC

32. Cabo Esperanza #1602, LLC

33. Cabo Esperanza #1603, LLC

34. Cabo Villa Del Sol, LLC

35. Cabo Villa Eternidad, LLC

36. Cabo San Lucas Villa Paraiso, LLC

37. Ultimate Nevis Investments, LLC

38. Snowflake Investments I, LLC

39. Sunny Isles Investments I, LLC

40. Tahoe Investments I, LLC

41. Cabo Investments I, LLC

42. Mahogany Run Investments I, LLC

43. Candlewood Investments I, LLC

44. Ultimate Scottsdale Rocks, LLC

45. Ultimate Beaver Creek, LLC

46. Ultimate Indian Rocks Beach, LLC

47. Ultimate Key West, LLC

48. Ultimate Lake Las Vegas, LLC

49. Ultimate Newport Americas, LLC

50. Private Escapes of La Quinta Platinum, LLC

51. Private Escapes La Quinta I, LLC

52. Private Escapes La Quinta II, LLC

53. Private Escapes Platinum of Copper Mountain, LLC

54. Private Escapes Platinum Telluride, LLC

55. Private Escapes of Steamboat, LLC

56. Private Escapes of Lake Oconee, LLC

57. Private Escapes of Waikoloa, LLC

58. Private Escapes of Waikoloa II, LLC

59. Private Escapes of Chicago, LLC

60. Private Escapes of Currituck, LLC

61. Private Escapes Platinum Currituck, LLC

62. Private Escapes of Tahoe, LLC

63. Private Escapes Platinum Lake George, LLC

64. Private Escapes of One Central Park West, LLC

65. Private Escapes 1600 Broadway, LLC

66. Private Escapes Link, LLC

67. Private Escapes Platinum One Central Park West, LLC

68. Privates Escapes of Kiawah, LLC

69. Private Escapes Platinum Kiawah, LLC

70. Private Escapes of Jackson Hole, LLC

71. Private Escapes Villa 304, LLC

72. Private Escapes Platinum Cabo, LLC

73. Private Escapes La Playa, LLC

74. Private Escapes of Cabo, LLC

75. Private Escapes Platinum TCI, LLC

76. Private Escapes Platinum Chicago, LLC

77. Private Escapes of Fox Acres, LLC

78. Private Escapes of Stowe, LLC

79. Private Escapes La Costa, LLC

80. Private Escapes Platinum La Costa, LLC

81. Private Escapes Borgo Di Vagli, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ULTIMATE ESCAPES HOLDINGS, LLC, *et al.*,[1] | Case No. 10-_____ (  ) |
| Debtors. | (Joint Administration Requested) |

## LIST OF CREDITORS HOLDING TWENTY LARGEST UNSECURED CLAIMS

Following is the consolidated list of the Debtors' creditors holding the twenty largest unsecured claims. The list is prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty largest unsecured claims; or (3) claims held by any of the Debtors' employees. Any amounts listed herein are estimated, subject to verification and later dispute. Without limiting the forgoing, the Debtors reserve their rights to dispute or challenge any claim on this list for any reason. The information set forth on this schedule shall not constitute an admission of liability by, nor is binding on, the Debtors, and the failure to list a claim as contingent, disputed or subject to setoff shall not be a waiver of any of the Debtors' rights relating thereto.

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as **Schedule "1"**.

| Name of Creditor | Name, Complete Mailing Address (Including Zip Code) and Telephone Number of Employee, Agent, or Department of Creditor Familiar with Claim Who May Be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount of Claim If Secured Also State Value of Security |
|---|---|---|---|---|
| 1 Trump International Hotel & Tower | Trump International Hotel & Tower 1 Central Park West New York, NY 10023 T: 212-299-1000 | Trade Debt | | $496,029.99 |
| 2 Weinstock & Scavo, P.C. | Weinstock & Scavo, P.C. 3405 Piedmont Road N.E. Suite 300 Atlanta, GA 30305 T: 404-231-3999 F: 404-231-1618 | Professional Service | | $400,561.04 |
| 3 Mintz Levin Cohn Ferris Glovsky & Pompeo | Mintz Levin Coch Ferris Glovsky & Pompeo Attn: Jeffrey Schultz 666 Third Avenue Chrysler Center New York, NY 10017 F: 212-983-3115 | Professional Service | | $375,000.00 |
| 4 Dennis Evans | Dennis Evans 5801 Bingle Road Houston, TX 77092 | Litigation Settlement | | $231,000.00 |
| 5 Francisco Acosta | Francisco Acosta 13609 Ashridge Drive Dallas, TX 75240 T: 972-393-2430 | Trade Debt | | $208,000.00 |
| 6 Michael Parker | Michael Parker 2 Players Trail The Woodlands, TX 77382 T: 281-296-8201 | Trade Debt | | $181,800.00 |
| 7 Strauss Zelnick | Strauss Zelnick 19 West 44th Street, 18th Floor New York, NY 10036 | Litigation Settlement | | $171,666.66 |
| 8 Condominio Esperanza A.C. (WIRE) | Condominio Esperanza A.C. (WIRE) Dept. #33977 PO Box 39000 San Francisco, CA 94139 | Trade Debt | | $158,069.60 |
| 9 Blaine Parrott | Blaine Parrott 13051 W. 79th Place Arvada, CO 80005 T: 303-499-8487 F: 303-623-2455 | Trade Debt | | $157,600.00 |
| 10 Clive Buckley and Keri Buckley | Clive Buckley and Keri Buckley 24 Palomino Coto de Caza, CA 92679 T: 949-713-4594 | Litigation Settlement | | $152,305.94 |

| | Name of Creditor | Name, Complete Mailing Address (Including Zip Code) and Telephone Number of Employee, Agent, or Department of Creditor Familiar with Claim Who May Be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount of Claim (If Secured Also State Value of Security) |
|---|---|---|---|---|---|
| 11 | Kenneth D. Phillips | Kenneth D. Phillips<br>74 Austin Avenue<br>San Anselmo, CA 94960 | Trade Debt | | $150,000.00 |
| 12 | WorldHotels | WorldHotels<br>7009 Dr. Phillips Blvd.<br>Suite 250<br>Orlando, FL 32819<br>T: 407-363-9300 | Trade Debt | | $$148,793.06 |
| 13 | Ito Group | Ito Group<br>c/o Gordon & Rees LLP<br>275 Battery Street, 20th Floor<br>San Francisco, CA 94111<br>T: 415-986-5900<br>F: 415-986-8054 | Litigation Settlement | | $140,266.71 |
| .14 | Maxwell Rhee and S. Kim | Maxwell Rhee and S. Kim<br>241 Harbor Street<br>Glencoe, IL 60022<br>T: 847-835-0472 | Trade Debt | | $140,000.00 |
| 15 | P&S LLC | P&S LLC<br>2576 S. Milwaukee<br>Denver, CO 80210 | Litigation Settlement | | $135,000.00 |
| 16 | Creg McDonald | Creg McDonald<br>2704 Valleybrook South<br>Champaign, IL 61822<br>T: 217-359-8341<br>F: 217-356-7205 | Trade Debt | | $132,610.00 |
| 17 | Greg Dugas | Greg Dugas<br>202 Ravenswood Lane<br>Lafayette, LA 70508<br>T: 337-988-3040<br>F: 337-253-0124 | Trade Debt | | $123,000.00 |
| 18 | Marcus Acheson | Marcus Acheson<br>28 Ridge Road<br>Barrington, IL 60010 | Trade Debt | | $120,900.00 |
| 19 | Ian Mead | Ian Mead<br>6641 Kyles Station Road<br>Liberty Township, OH 45044<br>T: 513-779-8417 | Trade Debt | | $120,333.33 |
| 20 | Patrick Reardon | Patrick Reardon<br>5053 Marble Arch Rd.<br>Winston-Salem, NC 27104<br>T: 336-768-6777 | Trade Debt | | $119,066.67 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ULTIMATE ESCAPES HOLDINGS, LLC, *et al.*, | Case No. 10-_____ ( ) |
| Debtors. | (Joint Administration Requested) |

## CERTIFICATION CONCERNING CONSOLIDATED LIST OF CREDITORS HOLDING TWENTY LARGEST UNSECURED CLAIMS

The debtors and debtors-in-possession (the "**Debtors**") in the above-captioned case, hereby certify under penalty of perjury that the consolidated *List of Creditors Holding Twenty Largest Unsecured Claims*, submitted herewith, is complete and to the best of the Debtors' knowledge, correct and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the consolidated *List of Creditors Holding Twenty Largest Unsecured Claims* have been completed. Therefore, the listing does not and should not be deemed to constitute: (1) waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any list claims; and/or (3) a waiver of any other right or legal position of the Debtor.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of September, 2010.

Signature _____

By: Philip Callaghan
Title: Chief Financial Officer

BOS 46,660,072v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

ULTIMATE ESCAPES, INC.,

Debtor.

Chapter 11

Case No. 10-_____ (   )

(Joint Administration Requested)

## LIST OF EQUITY SECURITY HOLDERS

The above-captioned debtor and debtor-in-possession (the **"Debtor"**) filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. Pursuant to Rule 1007(a) of the Federal Rules of Bankruptcy Procedure, the list of equity security holders of the Debtor will be filed with the Court within 14 days after entry of the order for relief.

[The remainder of this page is intentionally blank.]

In re:

ULTIMATE ESCAPES, INC.,

             Debtor.

Chapter 11

Case No. 10-_____ (   )

(Joint Administration Requested)

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Not Applicable | |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of Ultimate Escapes, Inc., the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated:     September 20, 2010

Signature _____

By:  Philip Callaghan
Title:  Chief Financial Officer